# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

FILED BY _____AR_____ D.C.
Nov 20, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| ERIC JULIAN TRUJILLO | ) Case No. |
| | ) 25mj6682-Valle |
| | ) |
| | ) |
| | ) |
| Defendant(s) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___October 24, 2025___ in the county of ___Broward___ in the ___Southern___ District of ___Florida___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code Section 922(a)(4) | Transport of a Destructive Device |
| Title 18, United States Code Section 933(a)(1) | Firearms Trafficking |
| Title 26, United States Code Section 5861(d) | Possession of an Unregistered Destructive Device |

This criminal complaint is based on these facts:

See affidavit.

☐ Continued on the attached sheet.

_____
Complainant's signature

Cesar Calcano - ATF Agent
Printed name and title

Sworn to before me and signed xxxxxxxxxxxxx
by FACETIME

Date: __11/20/2025__

_____
Judge's signature

City and state: ___Fort Lauderdale, Florida___    Alicia O. Valle, U.S. Magistrate Judge
Printed name and title

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

Your affiant, Cesar Calcano, being duly sworn, deposes and states as follows:

**INTRODUCTION**

1. I am currently a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) assigned to Miami Field Division, Fort Lauderdale Field Office and have served in that capacity since September of 2020. I am currently assigned to the Broward Sheriff's Office Strategic Investigations Division / Broward County Gang Investigations Task Force (GITF) and have held this position since December of 2021. Some of the primary responsibilities of this position are to identify and document criminal gang members, conduct narcotics enforcement, investigate firearm violations, and gather/share intelligence involving criminal gang organizations. As part of my duties, I am responsible for investigations of violations of Federal laws, including those pertaining to firearms. I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. Prior to my tenure as a Special Agent, I was a Border Patrol Agent with the United States Border Patrol for ten years. As a Border Patrol Agent, I was assigned to the ATF Violent Crimes Task Force for two years. I have conducted multiple investigations involving, but not limited to, the illegal possession and "straw purchasing" of firearms, carjacking, Hobbs Act Robbery, and possession of a firearm in furtherance of narcotics trafficking. I have participated in a variety of different aspects of those investigations, including surveillance, undercover operations to conduct controlled purchases of narcotics, interviewing suspects, and the execution of search and arrest warrants.

2. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws.

3. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that I am empowered by law to conduct investigations of, and to make arrests for, federal offenses, including but not limited to offenses involving firearms offenses, including violations of Title 18, United States Code, Section 922. I am authorized to apply for and execute both search warrants and arrest warrants for offenses enumerated in Titles 18, 21, and 26 of the United States Code.

4. I make this Affidavit in support of a criminal complaint charging **ERIC JULIAN TRUJILLO**, with 18 U.S.C. § 922(a)(4) (transport of a destructive device); 18 U.S.C. § 933(a)(1) (firearms trafficking); and 26 U.S.C. § 5861(d) (possession of an unregistered destructive device).

5. I submit this Affidavit based on my personal knowledge, as well as information provided to me by other individuals, including other law enforcement officials, and my review of records and other evidence obtained during the course of this investigation. Because this Affidavit is being submitted for the limited purpose of establishing probable cause for the requested complaint, it does not include every fact known to me about this matter.

## PROBABLE CAUSE

6. On or about October 24, 2025, **TRUJILLO**, a United States citizen, was identified as in possession of an unregistered grenade launcher, which he provided to INDIVIDUAL 1 (discussed further below).  Based on a review of relevant databases, **TRUJILLO** does not possess a license to possess or sell a grenade launcher.  A grenade launcher is defined as a "destructive device" under the National Firearms Act, Title 26, United States Code, Section 5845(f).

7. In or around August 2025, an undercover officer (the "UC") made contact with INDIVIDUAL 1, who was under investigation for the unlawful sale of firearms.  The UC began

2

conducting controlled purchases from INDIVIDUAL 1, and on or about October 24, 2025, INDIVIDUAL 1 sent the UC a photo of a 40mm Single-Shot grenade launcher that INDIVIDUAL 1 stated was available for sale for $2,000-$2,500. The UC expressed interest in purchasing the grenade launcher and agreed to meet INDIVIDUAL 1 at a location in Fort Lauderdale, FL.

8. INDIVIDUAL 1 indicated that he would have a third party deliver the launcher to his location, and at approximately 12:30pm law enforcement placed INDIVIDUAL 1's location under surveillance. INDIVIDUAL 1 initially stated to the UC that the launcher would be delivered between 1:00pm-2:00pm but later indicated to the UC that the transaction would have to occur later because the third party was unable to drop it off at the time they had agreed. Law enforcement remained on surveillance, maintaining visual of the front and rear of INDIVIDUAL 1's location as well as INDIVIDUAL 1's vehicle.

9. At approximately 8:18pm, the UC texted INDIVIDUAL 1 that he was on his way to the agreed meeting location. At approximately 8:20pm, the UC arrived at INDIVIDUAL 1's location in an undercover vehicle ("UCV") and told INDIVIDUAL 1 he had arrived. This meeting was audio and video recorded. A few minutes later, INDIVIDUAL 1 met the UC near the UCV. INDIVIDUAL 1 then notified the UC that the third party bringing the launcher was 20 minutes away. INDIVIDUAL 1 and the UC discussed firearms sales, narcotics, and the lethality of the grenade launcher. At approximately 8:31pm, INDIVIDUAL 1 received a phone call from the third party and then told the UC that the third party was 16 minutes away. At approximately 8:48pm, INDIVIDUAL 1 told the UC, "He is almost here," in reference to the third party. INDIVIDUAL 1 then retrieved a black backpack covered with "red lips" pattern from his vehicle and went inside a nearby building. The UC observed the bag in INDIVIDUAL 1's vehicle and identified that it

3

was empty, as the bag was partially open. The UC remained outside of the UCV near the front entrance.

10. During this time, law enforcement observed a 2018 Black Honda Sedan parked behind the building INDIVIDUAL 1 had entered, near the building's rear entrance. **TRUJILLO** was observed by law enforcement exiting the Honda, and meeting INDIVIDUAL 1 outside of the vehicle. INDIVIDUAL 1 was carrying the black backpack covered with the "red lips" pattern when he met with **TRUJILLO**. INDIVIDUAL 1 was then observed walking with his backpack through the rear entrance of the building and exiting through the front entrance where he reunited with the UC. The UC observed that the bag appeared heavier, and had a portion of the grenade launcher extending out of the bag.

11. While INDIVIDUAL 1 was returning to the UC, **TRUJILLO** left in the Honda Sedan and parked at a nearby bank. During the transaction between INDIVIDUAL 1 and the UC, law enforcement continued surveillance of **TRUJILLO**'s vehicle, the Honda Sedan, which was backed into a parking space with no headlights turned on. No one was observed exiting, nor did anyone approach **TRUJILLO**'s vehicle.

12. At approximately 8:54pm, INDIVIDUAL 1, who was carrying the black backpack with "red lips" pattern, met the UC on the passenger side of the UCV. INDIVIDUAL 1 then informed the UC that he had met with the third party who had brought the launcher. INDIVIDUAL 1 placed the backpack on the front passenger seat and had the UC remove the grenade launcher, which was inside the backpack. The UC then paid INDIVIDUAL 1 the agreed upon $2,000.00 in ATF Official Investigative Funds (OIF) in exchange for an ALS ALSTAC 40mm Single-Shot Launcher (03844), depicted on the following page:

4



13. At approximately 8:57pm, the transaction was concluded. The UC departed the area and INDIVIDUAL 1 returned to his workplace. At approximately 9:15pm, **TRUJILLO**'s vehicle departed.

## CONCLUSION

14. Based upon the information provided above, there is probable cause to believe that **ERIC JULIAN TRUJILLO** has committed violations of Title 18, United States Code, Sections 922(a)(4) and 933(a)(1), and Title 26, United States Code, Section 5861(d).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

Respectfully submitted,

_____
Cesar Calcano, Special Agent
Bureau of Alcohol Tobacco Firearms
And Explosives

Sworn to and subscribed before me ~~telephonically~~ by FACETIME
on __20th__ day of November 2025.

_____
HON. ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

6